STATE OF NORTH CAROLINA v. DEREK HARRISON METTRICK AND CLAUDE DALTON VICKERS

No. 150A81

(Filed 30 March 1982)

**Constitutional Law § 32; Criminal Law § 101.4— right to impartial jury—contact with State's witnesses**

> Where a witness for the State acts as a custodian or officer in charge of the jury in a criminal case, prejudice is conclusively presumed. Therefore, where the State's two principle witnesses, a sheriff and deputy sheriff, transported prospective jurors in two activities buses from one county to another county for defendant's trial; where the witnesses were alone in a bus with the jurors for as much as three and one-half hours; and where the sheriff testified five times in the presence of the jury and the deputy testified three times in the presence of the jury, the sheriff and deputy were deemed to have acted as custodians or officers in charge of the jury and prejudice was conclusively presumed despite the fact that the evidence revealed no hint of malice or misconduct by the officers.

APPEAL by the State as a matter of right, pursuant to G.S. 7A-30(2), of the decision by a divided panel of the Court of Appeals reported at 54 N.C. App. 1, 283 S.E. 2d 139 (1981), reversing the judgments of conviction entered by *Washington, Judge* during the 19 May 1980 Session of Superior Court of ASHE County and awarding a new trial for the defendants.

The defendant Derek Harrison Mettrick was tried on indictments proper in form and found guilty of conspiracy to sell or deliver marijuana feloniously, conspiracy to possess marijuana feloniously, felonious possession of marijuana and felonious delivery of marijuana. The defendant Claude Dalton Vickers was tried on indictments proper in form and found guilty of conspiracy to sell or deliver marijuana feloniously, conspiracy to possess marijuana feloniously and felonious possession of marijuana. Both defendants were sentenced to active terms of imprisonment.

*Rufus L. Edmisten, Attorney General, by Henry T. Rosser, Assistant Attorney General and Steven F. Bryant, Associate Attorney for the State.*

*Vannoy & Reeves, by Wade E. Vannoy, Jr., for defendant-appellee Mettrick.*

*Moore & Willardson, by Larry S. Moore and John S. Willardson, for defendant-appellee Vickers.*

MITCHELL, Justice.

The defendants in this consolidated appeal contend that two State's witnesses acted as custodians or officers in charge of the jury and that they are entitled to a new trial as a result. We agree and affirm the decision of the Court of Appeals awarding the defendants a new trial.

Only a brief summary of the evidence introduced at trial is necessary for an understanding of the issues giving rise to this appeal. In summary, the evidence for the State tended to show that, on 16 January 1980, a DC-6 airplane piloted by the defendant, Derek Harrison Mettrick, landed at the Ashe County Airport. The crew of the plane unloaded its cargo into two trucks which immediately departed the airport. Although less than five grams of marijuana seeds, stems and other fragments were found by law enforcement officers in or about the airplane, evidence was introduced tending to show that the cargo of the airplane was 5,000 to 10,000 pounds of marijuana in burlap bales. Evidence was also introduced tending to show that the defendant, Claude Dalton Vickers, supervised the loading of the trucks and drove one of them away from the airport.

Prior to trial, the trial court ordered that these cases be consolidated for trial and that a special venire of jurors be drawn from another county. Ashe County Sheriff Richard Waddell and J. D. Parsons, one of his deputies, transported the prospective jurors in two activity buses from Caldwell County to Ashe County on 19 May 1980, the opening day of the defendants' trial. Deputy Parsons also transported the jurors to lunch that day. After the jury was selected on the afternoon of 19 May 1980, Parsons drove one of the buses transporting the jurors on the trip returning them to Caldwell County for the evening. The following day, Sheriff Waddell transported eleven of the fourteen people chosen as jurors and alternates from Caldwell County to Ashe County.

After the opening of court on 20 May 1980, the trial court learned for the first time that these two witnesses for the State had been transporting the jury. Each of the defendants made a timely motion for a mistrial contending that these actions by the witnesses for the State constituted prejudicial error.

The uncontested evidence on *voir dire* indicated that no one was present on any of the bus trips except the jurors and the

named officers. Each juror stated that neither officer mentioned the cases against the defendants. All of the jurors stated that their ability to render an impartial decision would not be impaired in any way by the fact that the two officers who had transported them would be testifying for the State. The trial court made appropriate findings based upon this evidence and denied the motions of the defendants for mistrial.

For purposes of this appeal, we assume, as the uncontested evidence tended to show, that the witnesses for the State who transported the jurors did not discuss the charges against the defendants and that their association with the jurors while transporting them did not enhance the credibility of these witnesses for the State in the jurors' eyes. Whether the charges against the defendants were discussed or the credibility of the officers with the jury enhanced is irrelevant to the issue before us.

We have previously held that, where a witness for the State acts as a *custodian* or *officer in charge* of the jury in a criminal case, prejudice is conclusively presumed. *State v. Macon*, 276 N.C. 466, 473, 173 S.E. 2d 286, 290 (1970); *Compare Turner v. Louisiana*, 379 U.S. 466, 13 L.Ed. 2d 424, 85 S.Ct. 546 (1965). In such cases the appearance of a fair trial before an impartial jury is as important as the fact of such a trial. The integrity of our system of trial by jury is at stake. No matter how circumspect officers who are to be witnesses for the State may be when they act as custodians or officers in charge of the jury in a criminal case, cynical minds often will leap to the conclusion that the jury has been prejudiced or tampered with in some way. If allowed to go unabated, such suspicion would seriously erode confidence in our jury system. For this reason we have adopted the rule that prejudice is conclusively presumed in such cases.

Thus, we must determine whether either witness for the State acted as "custodian" or "officer in charge" of the jury here. The State contends that neither officer acted in either capacity. The State emphasizes the fact that the jury was not sequestered in the present case, and the jurors were not dependent upon the sheriff or the deputy to provide their meals or lodging or to provide for any other needs on a twenty-four hour a day basis. The defendants, on the other hand, emphasize the fact that the jurors were alone for various periods of time with either the sheriff or

the deputy who drove them in buses over mountain roads. The jurors' lives, safety and comfort were in these officers' hands during such times.

In determining whether the officers who testified for the State were "custodians" or "officers in charge" of the jury as we employ those terms here, we look to factual indicia of custody and control and not solely to the lawful authority to exercise such custody or control. Obviously, the mere fact that the elected sheriff of a county has certain responsibilities for and obligations to jurors and prospective jurors in his county does not make him a custodian or an officer in charge of the jury for purposes of invoking the conclusive presumption of prejudice and, thereby, prevent him from testifying in all criminal cases tried before juries in the county. Instead, we must look to the relationship existing in fact between the witness for the State and the jurors in any given case in order to determine whether the witness has acted as a custodian or officer in charge of the jury so as to raise the conclusive presumption of prejudice.

In the present case, Sheriff Waddell was called to testify five times in the presence of the jury. He was alone with jurors in a bus for a total of at least three and one-half hours as he drove them at various times through the mountains. The same is true of Deputy Parsons who testified three times in the presence of the jury. The jurors, in fact, were in these law enforcement officers' custody and under their charge out of the presence of the court for protracted periods of time with no one else present. Without question, the jurors' safety and comfort were in the officers' hands during these periods of travel. We find that the sheriff and the deputy who were witnesses for the State also acted as custodians or officers in charge of the jury in the present case. Therefore, prejudice is conclusively presumed despite the fact that the evidence reveals no hint of malice or misconduct by the officers. The defendants are entitled to a new trial.

The defendants have brought forward several other assignments of error which were heard and decided by the Court of Appeals. As the issues raised by those assignments are unlikely to arise during the new trial of these cases, we find it unnecessary to reach them.

The decision of the Court of Appeals requiring a new trial for the defendants is

Affirmed.