657 P.2d 882

**The STATE of Arizona, Appellee,**

v.

**Jessie LOPEZ, Appellant.**

**No. 2 CA–CR 2502.**

Court of Appeals of Arizona, Division 2.

June 8, 1982.

Rehearing Denied Sept. 8, 1982.

Review Denied Oct. 5, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Clifford C. Wamacks, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Susan A. Kettlewell, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

Only two issues are presented by this appeal. They concern the propriety of:

1) The court's refusal to ask specific voir dire questions requested by the appellant, and

2) The giving of the following instruction:

> "The State must prove the defendant has done an act which is forbidden by law, and that he intended to do it. You may determine the defendant intended to do the act if he did it voluntarily."

The appellant was convicted of third-degree burglary and theft and was sentenced to concurrent terms of two and four years, respectively. The crimes involved the entry into a Yellow Front Store during business

hours and the taking of clothing by stuffing the articles into his socks under his pants. He was observed in this act and apprehended when he left the store. We affirm.

### Voir Dire

The appellant's trial counsel requested, pursuant to Rule 18.5(d), Rules of Criminal Procedure, 17 A.R.S.,[1] that certain specific questions be asked on voir dire, including 1) whether any veniremen or their family members had been the victims of a crime, and 2) whether anyone would think less of the appellant because he was of Mexican descent.

Concerning the first question the record contains the following voir dire examination by the trial judge:

"Is there anything about the nature of the charges alone to prevent any juror from sitting fairly or impartially?

I've told you the nature of the charges, any of you feel you cannot sit on this type of case fairly and impartially? Any of you regularly employed at the present time in retail sales? Any of you happen to be owners of retail stores? Or are any of you connected with the operation of retail stores?

Now, I know that all of you may sometime or other have been victim of a theft, where some property was taken or some of you may have had your home or places of business entered. I don't want to go into—where that might have occurred, but in the past any of you who have been victim of theft or burglary, any of you feel that fact alone would prevent you from sitting fairly in this case?"

█ This examination sufficiently covered the request. The cases cited by the appellant involve the court's refusal to ask any questions concerning victimization. *See United States v. Poole,* 450 F.2d 1082 (3rd Cir.1971); *United States v. Shavers,* 615 F.2d 266 (5th Cir.1980); *Commonwealth*

*v. Fulton,* 271 Pa.Super 430, 413 A.2d 742 (1979); *Commonwealth v. Davis,* 264 Pa.Super. 574, 400 A.2d 1320 (1979). In *State v. Lamere,* 621 P.2d 462 (Mont.1980), also cited by appellant, the question presented was whether the court could limit the victimization question to the immediate veniremen. This limitation was held not to be reversible error.

█ The gist of appellant's contention is that even though the court's voir dire may have sufficiently disclosed any prejudice leading to the dismissal of the juror for cause, he was entitled to have his specific question asked in order to exercise intelligently his peremptory challenges. Rule 18.-5(e), Rules of Criminal Procedure, 17 A.R.S.:

"*Scope of Examination.* The examination of prospective jurors shall be limited to inquiries directed to bases for challenge for cause or to information to enable the parties to exercise intelligently their peremptory challenges."

We agree with the appellant that an inquiry as to which prospective jurors had been victims of a burglary or theft might have produced information which he might use in striking prospective jurors. We are unable, however, to find that the trial court abused its discretion by refusing to develop this additional information. The scope of voir dire examination is within the sound discretion of the trial judge and unless there is an abuse shown there is no reversible error. *State v. Melendez,* 121 Ariz. 1, 588 P.2d 294 (1978); *State v. Smith,* 114 Ariz. 415, 561 P.2d 739 (1977). We find no error.

█ As for the racial bias question, we find the decision not to make this inquiry was well within the court's discretion. This was not a case involving an assault or other violent crime by a person of one race upon one of another. The court may well have found this question irrelevant under the facts of this case. *See Ristaino v. Ross,* 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258

---

1. *Voir Dire Examination.* The court shall conduct the voir dire examination, putting to the jurors all appropriate questions requested by counsel. The court may in its discretion examine one or more jurors apart from the other jurors.

If good cause appears, the court may permit counsel to examine an individual juror.

472

(1976). There was no nexus shown between the prejudice feared and the issues in the case. *See State v. Skaggs,* 120 Ariz. 467, 586 P.2d 1279 (1978). The trial court inquired generally if any members of the panel had any reason, whether he had touched on it or not, that might make them unable to sit fairly and impartially. We find this sufficient to cover the request in this case.

### Instruction

The appellant argues that the quoted instruction denied him due process because it required him to disprove intent.[2] He relies on *State v. Mincey,* 130 Ariz. 389, 636 P.2d 637 (1981) and *Sandstrom v. Montana,* 422 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). In these cases the courts gave instructions that a presumption existed that a person intends to do (Mincey), or intends the consequences of (Sandstrom), what he voluntarily does.

We have recently reviewed these decisions and their predecessors in *State v. Platt,* 130 Ariz. 570, 637 P.2d 1073 (1981). There we recognized that to test the constitutionality of an instruction containing a presumption we must first determine if the presumption is mandatory or permissive. *McInerney v. Berman,* 621 F.2d 20 (1st Cir. 1980). Under the rationale set forth therein, the instruction here was of the permissive variety. It did not by its language tell the jury that proof showing the appellant voluntarily committed an act established that he intended it. Rather it allowed the jury to find that he intended to do the act if it was shown that he did it voluntarily.

The presumption in the instruction likewise meets the rational connection test discussed in *Platt*—that is, the proven fact of voluntarily doing an act has a rational connection to the presumed intent to do the act.

The last test is found in *Sandstrom* and concerns an analysis of the way

in which a juror could have reasonably interpreted the instruction. If, considering all the instructions as a whole, *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), it could reasonably have been interpreted as shifting the burden of proof to the appellant, due process is violated. We find no such violation here. The jury was fully instructed on the state's burden to prove each element of the offense beyond a reasonable doubt, the presumption of innocence and the state's obligation to prove that the defendant intended to do the act forbidden by law. "You may determine" is permissive language unlike the "is presumed evidence" (*Platt*) or "a person is presumed to intend" (*Mincey*) or "the law presumes" (*Sandstrom*). There was no error.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.

---

2. We do not know why the prosecutor requested this instruction, since its first sentence imposes a greater burden upon the state then it was actually required to bear. The culpable mental state for the conduct element of each of the charged offenses is "knowingly," not "in-

tentionally," and a criminal act need only be "voluntary," not "intentional." A.R.S. § 13–201. Thus, if the jury found the conduct to be voluntary, it was not required to make a further inference that it was intended.