672 P.2d 964
**STATE of Arizona, Appellee,**

v.

**Joe Angel MOYA, Appellant.**

**No. 1 CA–CR 6080.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 1, 1983.

Review Denied Nov. 8, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Judge.

Defendant, Joe Angel Moya, was indicted on October 28, 1981 for armed robbery, a class 2 dangerous felony. On January 6, 1982, the county attorney filed allegations of four prior convictions. After a jury trial, Moya was found guilty of armed robbery and subsequently pled guilty to two allegations of prior convictions. Both of the priors to which he pled guilty were dangerous nature felonies. On April 8, 1982, Moya was sentenced to thirty-five years imprisonment.

On appeal, Moya has raised the following issues:

1. The trial court erred in ruling that the state could impeach Moya with eleven prior convictions if he chose to take the stand during trial;

2. The trial court committed reversible error in instructing the jury;

3. The trial court erred in communicating with the jury after it had begun deliberations without appellant being present.

## PERMITTING IMPEACHMENT WITH PRIOR CONVICTIONS

Moya argues that the trial court erred in its pretrial ruling that the state could use eleven felony convictions to impeach his credibility. The prior felony convictions were for manslaughter, assault with a deadly weapon, aggravated assault, obtaining money by false pretenses, forgery and armed robbery. He argues that the mere num-

**14**

ber of felony convictions was so prejudicial that the jury would not have been able to determine the case on its facts. In addition, he argues that the prejudicial effect of the nature of the priors outweighed any probative value for impeachment purposes.

There is no dispute that all eleven felony priors satisfied the ten year requirement of rule 609(b), Rules of Evidence. The state argues that the trial court did not abuse its discretion in allowing the use of the priors since the defense in the case was mistaken identity and Moya's credibility at trial would have been very much in issue had he decided to testify.

■ Moya argues that his case is similar to *State v. Wilson,* 128 Ariz. 422, 626 P.2d 152 (App.1981), and, therefore, a reversal is required. *State v. Wilson* is inapposite to the facts of this case. In *Wilson,* the judge did not comply with rule 609, Arizona Rules of Evidence, which requires the trial judge to make a specific finding that the probative value of the prior felony convictions for impeachment purposes outweighs the prejudice. The Court of Appeals specifically declined to decide in an advisory capacity whether or not the probative value of each specific felony conviction outweighed the prejudice involved. The case was reversed and remanded. In this case, it is clear that the trial judge was advised of, read, and understood the duties under rule 609 to specifically weigh the probative value of each conviction against its prejudicial effect. On the morning of trial, having taken the motion under advisement, the trial court made the following ruling:

THE COURT: And I have given a lot of consideration and I have considered the fact individually as the priors stand and the fact of the composite of 11 priors. I have read State vs. Dickson and there seems to be very little other law on this 609 Rule, and at this time I am ruling at [sic] the State may so use all 11.

* * * * * *

THE COURT: In clarifying my reasoning on allowing the State to use the 11, I did weigh them and the Court found, in the Court's opinion, that the probative

value of using the 11 out-weighed and was greater than the prejudicial factor of the defense side, and I think this is in accordance with the finding that I must make in accordance with the Court of Appeals.

On the facts of this case, the trial judge did not err in permitting impeachment through the use of the prior convictions. Even though some of the prior felony convictions were the same offense for which Moya was being tried, their prejudice did not necessarily outweigh their probative value. *State v. Watkins,* 133 Ariz. 1, 648 P.2d 116 (1982); *State v. Dixon,* 126 Ariz. 613, 617 P.2d 779 (App.1980).

## JURY INSTRUCTION

■ Over objection by Moya, the court gave the following instruction:

The State must prove that the defendant has done an act which is forbidden by law and that he intended to do it. You may determine that the defendant intended to do the act if he did it voluntarily.

Moya argues that according to *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), this instruction as to intent unconstitutionally shifted the burden of proof to the appellant. In *State v. Mincey,* 130 Ariz. 389, 396, 636 P.2d 637, 644 (1981), *cert. denied* 455 U.S. 1003, 102 S.Ct. 1638, 71 L.Ed.2d 871 (1982), the court held that a jury instruction that "states that if the defendant fails to produce evidence which creates reasonable doubt, 'the presumption must prevail'", created a conclusive presumption, shifting to the defendant the burden of persuasion on the element of intent.

We find the instruction in this case quite different from those in both *Sandstrom* and *Mincey.* Here, the instruction was phrased in permissible terms, not remotely similar to the conclusive presumption language utilized in both of those cases. We do not believe that the language in this instruction created a constitutionally proscribed burden-shifting presumption, as in *Mullaney v.*

*Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), or a conclusive presumption as prohibited in *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). The permissive inference in this instruction left the jury free to accept or reject the inference, and did not affect the state's burden of proof. Because the inference created was clearly permissive and did not undermine the fact finder's responsibility to find the ultimate facts beyond a reasonable doubt, the instruction did not violate constitutional standards. *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *State v. Spoon,* 137 Ariz. 105, 669 P.2d 83 (1983); *State v. Lopez,* 134 Ariz. 469, 657 P.2d 882 (App. 1982).

## COURT'S COMMUNICATION WITH THE JURY

After the jury had retired to deliberate, the court entered into the jury room without the defendant or counsel being present and communicated with them. The minute entries reflect that the jury retired, in the charge of a sworn bailiff, to consider their verdict at 3:03 p.m. on February 24, 1982. At 5:00 p.m., the court excused the jury from further service until 9:00 a.m. on February 25, 1982. At the time the judge entered the jury room, a court reporter was present and transcribed the proceeding.

Moya argues that the trial court's conduct in this matter constituted fundamental error in three different ways: (1) that defendant was not notified and given the opportunity to be present; (2) the court had personal interaction with the jury without the defendant's presence; and (3) an incomplete record was made of the proceedings. To support this last claim of fundamental error, Moya speculates that something might have happened that was not recorded by the court reporter. We find nothing in the record to support this speculation. It is Moya's contention that under the law in Arizona, it is *per se* reversible error for the trial judge to enter the jury room after the jury has retired to deliberate. *State v. Hilliard,* 133 Ariz. 364, 651 P.2d 892 (1982).

Initially, we note that the presence of counsel was waived at the time the judge dismissed the jurors for the evening. Although Moya claims that the record does not show that he or his counsel ever waived their presence for the oral communication with the jury, the judge stated that counsel had waived their presence. The judge should be presumed to speak the truth, and the record to correctly reflect her words. *State v. Biscoe,* 112 Ariz. 98, 537 P.2d 968 (1975); *State v. Superior Court of Pima County,* 7 Ariz.App. 170, 436 P.2d 948 (1968).

Turning to the merits, even though it was error for the trial judge to enter the jury room, we can say beyond a reasonable doubt that there was no prejudice to the defendant and, therefore, there was no reversible error.

In *State v. Hilliard,* this court held that a non-recorded communication between the judge and jury was presumed prejudicial and required reversal of the conviction. In so ruling, the court followed *State v. Burnetts,* 80 Ariz. 208, 295 P.2d 377 (1956), and *State v. Werring,* 111 Ariz. 68, 523 P.2d 499 (1974), which held to the same effect. Where, as here, there is a communication between the judge and jury which is reported in the record and preserved for appeal, the error, if any, is reviewed to determine if the error is prejudicial, requiring reversal of the conviction. *State v. Mata,* 125 Ariz. 233, 609 P.2d 48 (1980). In the present case, there is a complete record and it reveals that the sole matter dealt with was excusing the jurors for the night and directing that they return in the morning. Defendant has not pointed out how he was prejudiced by either the exchange between the judge and jury or the presence of the judge in the jury room. We therefore reject this claim of reversible error.

Judgment affirmed.

JACOBSON and GREER, JJ., concur.