STATE OF NORTH CAROLINA v. THOMAS BOOKER WILSON

No. 632A84

(Filed 5 November 1985)

**Constitutional Law § 32; Criminal Law § 101.4— bailiff in charge of the jury married to prosecutor—new- trial**

The trial judge erred by denying defendant's motions for a mistrial and for appropriate relief where the bailiff in charge of the jury was the wife of the assistant district attorney who prosecuted the case. Although there was nothing in the record to remotely suggest that the bailiff actually attempted to influence the jury in any manner, it is the appearance of the opportunity for such influence that is determinative; an immediate family member of either a prosecutor trying the case, a defendant, a defendant's counsel defending the case, or a crucial witness for either the prosecution or the defense is prohibited from serving as custodian or officer in charge of the jury in a criminal case.

BEFORE *Freeman, J.,* at the 8 October 1984 Criminal Session of Superior Court, FORSYTH County, defendant was convicted of first-degree sexual offense and attempted rape. Defendant was sentenced to the mandatory term of life imprisonment for the first-degree sexual offense conviction and a concurrent term of six years imprisonment for the attempted rape conviction. Defendant appeals of right pursuant to N.C.G.S. § 7A-27(a) the first-degree sexual offense conviction. On 14 November 1984, this Court allowed defendant's motion to bypass the Court of Appeals on his appeal in the attempted rape case. Heard in the Supreme Court 9 September 1985.

*Lacy H. Thornburg, Attorney General, by Steven Mansfield Shaber, Assistant Attorney General, for the State.*

*William L. Cofer for defendant-appellant.*

MEYER, Justice.

A detailed recitation of the evidence is unnecessary to the disposition of this case. The State's evidence tended to show that on 19 May 1984 the defendant was living in a house in Winston-Salem with his eight-year-old daughter, Brenda, and his wife, Lillian Greer. Brenda testified to the effect that on that date the defendant removed her panties, touched her vagina with his tongue, put some hair grease on her vagina, and placed his fingers on her vagina. She testified that he had done this "lots of times" before. She also testified that the defendant placed his penis "on" her vagina. The child also related that defendant said to her that if she told anyone about these actions, he would kill her. Her testimony was corroborated by others to whom she had made statements concerning what her father had done to her.

The defendant testified on his own behalf and vehemently denied committing any sexual act with Brenda or any other child.[1] The defense also presented witnesses who testified as to the defendant's good character and as to the fact that his mental capacity was below average. The defendant was found guilty of

---

1. The defendant was also charged with committing first-degree sexual offenses against seven-year-old Krishauna Hines and eleven-year-old Tammy Stuckey. The defendant was acquitted of these charges.

N.C.]　　　IN THE SUPREME COURT　　　655

the first-degree sexual offense and the attempted rape of his daughter, Brenda.

The defendant brings forward several assignments of error by which he argues that he is entitled to have the charges against him dismissed or, in the alternative, that he should be granted a new trial. We conclude that the defendant is entitled to a new trial due to the fact that the wife of the assistant district attorney who prosecuted the case served as the bailiff in charge of the jury. We therefore deem it unnecessary to address the defendant's remaining assignments of error.

The prosecuting attorney's wife was a courtroom officer and was the bailiff in charge of the jury. During a break in the jury's deliberations, one of the jurors spoke to the bailiff and said that she had seen her and the prosecuting attorney driving home together after work. Another juror mentioned that she had observed the bailiff and the prosecuting attorney driving to work together. There was also some conversation to the effect that the three of them lived in the same vicinity. As a result of these statements, the bailiff proceeded to engage in a few minutes of friendly conversation with these two jurors, including a statement to them, "Well, here we are, nearly neighbors and didn't even know it." However, she stated that at no time did she attempt to influence the jury's decision.

The defendant's attorney overheard the conversation between the prosecutor's wife and the two jurors, and following the return of the verdicts, he moved for a mistrial based on the bailiff's conversation with the jurors which defense counsel alleged emphasized her relationship with the prosecutor. The motion was denied. The defendant subsequently filed a motion for appropriate relief based on the same grounds. This motion was also denied.

This Court has held that where the custodian or officer in charge of the jury in a criminal case is a witness for the State, prejudice to the defendant is conclusively presumed and he is entitled to a new trial. *State v. Mettrick*, 305 N.C. 383, 289 S.E. 2d 354 (1982); *State v. Macon*, 276 N.C. 466, 173 S.E. 2d 286 (1970). *See also Turner v. Louisiana*, 379 U.S. 466, 13 L.Ed. 2d 424 (1965). The defendant contends that this rule should also apply where the custodian or officer in charge of the jury is the spouse of the prosecuting attorney. We agree.

The State contends that this situation differs from that in *Mettrick*, because in *Mettrick* the close association between the law enforcement officers and the jurors gave them an opportunity to bolster their personal credibility *as witnesses* and thus directly influence the case, whereas here the bailiff was not a witness in the case. This argument, however, overlooks the underlying rationale of the *Mettrick* decision. There, we said the appearance of a fair trial before an impartial jury is as important as the fact that a defendant actually receives such a trial. *State v. Mettrick*, 305 N.C. at 385, 289 S.E. 2d at 356. We find this reasoning to be equally applicable here. Our jury system depends on the public's confidence in its integrity. We must zealously guard against any actions or situations which would raise the slightest suspicion that the jury in a criminal case had been influenced or tampered with so as to be favorable to either the State or the defendant. Any lesser degree of vigilance would foster suspicion and distrust and risk erosion of the public's confidence in the integrity of our jury system. Allowing the spouse of the prosecutor to serve as the bailiff in charge of the jury could lead some with cynical minds to believe that the jury could have been improperly influenced in some manner. We wish to emphasize that there is absolutely nothing in the record to remotely suggest that the bailiff actually attempted to influence the jury in any manner. However, whether any tampering or attempted tampering took place is irrelevant. It is the *appearance* of the *opportunity* for such influence that is determinative.

We hold that an immediate family member of either a prosecutor trying the case, a defendant, a defendant's counsel defending the case, or a crucial witness for either the prosecution or the defense is prohibited from serving as custodian or officer in charge of the jury in a criminal case.

For the foregoing reasons, we conclude that the trial judge erred in denying defendant's motions for mistrial and for appropriate relief. The defendant is entitled to a new trial. The judgment entered against the defendant is vacated, and the case is remanded to the Superior Court, Forsyth County, for a new trial.

The defendant's motion for appropriate relief filed with this Court on 9 September 1985 is denied.

New trial.