STATE OF NORTH CAROLINA v. RANDY JOE PAYNE

No. 66A85

(Filed 7 July 1987)

**Constitutional Law § 66— admonishment to jury—in jury room out of presence of defendant, court reporter, and counsel—error**

The defendant was entitled to a new trial in a prosecution for first degree murder and first degree rape where, at the conclusion of jury selection, the trial court told the court reporter, "You may show that I am going to give the jury a break and that I am going to administer my admonitions to them in the jury room." As there was no indication in the record to the contrary, it is assumed that the trial court actually took the steps indicated and, because the defendant, counsel, and the court reporter were absent during the ensuing admonitions, the State could not meet its burden of showing that the trial court's error was harmless beyond a reasonable doubt.

Justice MEYER dissenting.

APPEAL by the defendant from judgment entered by *Lewis (John B.), J.,* at the 14 January 1985 Special Criminal Session of Superior Court, DAVIDSON County. The defendant was indicted for first degree murder and first degree rape; the cases were consolidated for trial. The jury convicted him of each offense as charged. He was sentenced to death for the first degree murder and to life imprisonment for the first degree rape. The defendant appealed the convictions and sentences to the Supreme Court as a matter of right. Heard in the Supreme Court 14 May 1987.

*Lacy H. Thornburg, Attorney General, by Ralf F. Haskell, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Louis D. Bilionis, Assistant Appellate Defender, for the defendant appellant.*

*Randy Joe Payne, pro se as to additional issues.*

MITCHELL, Justice.

The defendant contends, *inter alia,* that the trial court committed reversible error by communicating with the jurors out of open court and in the absence of the defendant, counsel, or a court reporter. We agree and hold that the defendant is entitled to a new trial. Because the defendant's other assignments of error

are not likely to arise upon retrial, we do not reach or discuss them.

A complete review of the evidence is not necessary to an understanding of the legal issues involved in this case. Briefly, the State's evidence tended to show that the victim was killed with a hatchet and had been penetrated vaginally shortly before death. A man was seen running from the victim's house into a nearby barn. Police arrived and found the defendant in the barn's loft.

At the conclusion of jury selection, the trial court told the court reporter:

> THE COURT: You may show that I am giving the jury a break and that I am going to administer my admonitions to them in the jury room.

As there is no indication of record to the contrary, we must assume that the trial court caused the record to speak the complete truth in this regard, and that the trial court actually took the steps indicated.

Article I, section 23 of the Constitution of North Carolina provides: "In all criminal prosecutions, every person charged with crime has the right to be informed of the accusation and to confront the accusers and witnesses with other testimony . . . ." The sixth amendment to the Constitution of the United States gives an accused the same protection. *Pointer v. Texas*, 380 U.S. 400, 13 L.Ed. 2d 923 (1965). This protection guarantees an accused the right to be present in person at every stage of his trial. *State v. Moore*, 275 N.C. 198, 208, 166 S.E. 2d 652, 659 (1969). "[I]t is well established in this State that an accused cannot waive his right to be present at every stage of his trial upon an indictment charging him with a capital felony . . . ." *Id*. In capital cases such as the present case, "it is the duty of the court to see that he is actually present at each and every step taken in the progress of the trial." *State v. Jenkins*, 84 N.C. 813, 814 (1881). Furthermore, the trial court's admonitions to the jury came at a critical stage in the present case, because the defendant's presence at that time could have had a reasonably substantial relation to his ability to present a full defense. *See Snyder v. Massachusetts*, 291 U.S. 97, 105-106, 78 L.Ed. 674, 678 (1934).

"Every violation of a constitutional right is not prejudicial. Some constitutional errors are deemed harmless in the setting of the particular case, . . . where the appellate court can declare a belief that it was harmless beyond a reasonable doubt." *State v. Taylor*, 280 N.C. 273, 280, 185 S.E. 2d 677, 682 (1971). *See* N.C.G.S. § 15A-1443(b) (1983). The State cannot meet its burden of showing that the trial court's error was harmless beyond a reasonable doubt in the present case, however, because the defendant, counsel, and the court reporter all were absent during the ensuing admonitions. *See Graves v. State*, 377 So. 2d 1129 (Ala. Crim. App. 1979) (new trial ordered under similar circumstances); *People v. Heard*, 388 Mich. 182, 200 N.W. 2d 73 (1972) (same); *State v. Murphy*, 17 N.D. 48, 115 N.W. 84 (1908) (same); *State v. Mims*, 306 Minn. 159, 235 N.W. 2d 381 (1975) (same); *Graham v. State*, 73 Okla. Crim. 337, 121 P. 2d 308 (1942) (same); *State v. Elmore*, 279 S.C. 417, 308 S.E. 2d 781 (1983) (same); *State v. Wroth*, 15 Wash. 621, 47 P. 106 (1896) (same). *Cf., State v. Moya*, 138 Ariz. 12, 672 P. 2d 964 (1983) (conviction affirmed where court reporter present in similar situation); *Smith v. Commonwealth*, 321 S.W. 2d 786 (Ky. 1959) (conviction affirmed where counsel for both parties were present). Therefore, the defendant is entitled to a new trial. *See State v. Bailey*, 307 N.C. 110, 296 S.E. 2d 287 (1982) (prejudicial error found in non-capital case where sheriff, a prosecution witness, had apparently innocent *ex parte* contact with jurors); *State v. Mettrick*, 305 N.C. 383, 289 S.E. 2d 354 (1982) (prejudice conclusively presumed in non-capital case where sheriff and deputy, key prosecution witnesses, had apparently innocent *ex parte* contact with jurors).

We do not doubt that the action of the trial court was taken in good faith and resulted from its concern for the efficient conduct of the trial and for the comfort of the jurors who faced a long and arduous task in this capital case. Nevertheless, we must hold that the trial court's *ex parte* admonitions to the jury amounted to error requiring a new trial of the defendant for these charges.

New trial.

Justice MEYER dissenting.

The defendant was convicted of first-degree murder and of rape and received the death sentence for the murder and a life sentence for the rape. The record reflects that the murder was brutal and that the evidence against the defendant was overwhelming. Unlike the majority, I am unwilling to overturn defendant's convictions by "assuming" that the trial judge had an *ex parte* communication with the jury for the purpose of admonishing them. Not only does the majority assume that the admonitions actually took place, but that the defendant, counsel, and court reporter were not present.

The record in this case does not affirmatively show that the trial judge administered an admonition to the jury *ex parte* or, if he did so, who was present. The majority "assumes" that he did so because he stated his intention to do so and because "there is no indication of record to the contrary." At this stage, no one is able to say what actually happened or who was present. Trial judges often have second thoughts on such matters and catch such possible mistakes before they actually commit them. In this instance, the majority should act upon what the record shows, not what it fails to show. Rather than acting on assumptions, this Court should remand this case to the trial division to establish a record of precisely what transpired, as we have done in a legion of similar cases. It is unfair to the trial judge to fail to do so.

Even if a remand for findings should confirm that the trial judge actually admonished the jury *ex parte*, in an innocuous way, not to discuss the matter during the break in the trial, such error is not reversible error per se, but is subject to a harmless error analysis. The majority recognizes as much but makes the incredible statement that "[t]he State cannot meet its burden of showing that the trial court's error was harmless beyond a reasonable doubt in the present case, however, because the defendant, counsel, and the court reporter all were absent during the admonitions."

In virtually every case of an *ex parte* communication with jurors, whether by a judge, bailiff, witness, or anyone else, the court has been able to establish what actually occurred by remanding the case for a hearing and the taking of testimony of the trial judge, the jurors, and others involved and having the results

of the hearing certified to this Court. I believe that even if the admonitions were given here *ex parte*, the chances of the State proving harmless error are substantial.

Several times during the course of the jury selection process, the trial judge gave admonitions to the jury in the presence of defendant and counsel not to discuss the case with anyone nor to allow anyone to discuss it with them or in their presence, not to attempt to gather evidence on their own, not to pay any attention to any media reports, and not to form an opinion until they had heard all the evidence and arguments of counsel and the court's instructions on the law. Following the initial acceptance of the jury and the last of three alternatives by defendant, the trial court again gave these admonitions to the jury. The trial court then recessed the jury for the day, further advising the jurors to return the following morning at 10:00 a.m., at which time they would be given further instructions and be impaneled.

The following morning, the jurors were again briefly admonished by the trial court in the presence of defendant not to discuss the case with anyone; not to allow anyone to discuss it with them; not to pay any attention to any media report, if there should be any; and not to form an opinion until they had heard all the evidence, arguments of counsel, and the court's instructions on the law. Immediately following the court's admonitions to the jury, a recess was taken, during which a further voir dire was made as to one of the jurors concerning his having discovered that his wife was distantly related to the victim, Mrs. Weaver. Defendant was present during this voir dire and was consulted by counsel concerning his right not to have to accept the juror.

Following the voir dire and a reaffirmation of defendant's acceptance of this juror, the district attorney requested a ten-minute recess, upon which the court advised that it would be at rest for ten minutes. The court further stated:

You may show that I am giving the jury a break and that I am going to administer my admonitions to them in the jury room.

Upon conclusion of the break, the jury was returned to the courtroom and impaneled. Immediately following their being impaneled, the jurors were fully instructed and admonished by the

trial court in the presence of defendant as to their duties and responsibilities.

In *Rushen v. Spain,* 464 U.S. 114, 78 L.Ed. 2d 267 (1984), the United States Supreme Court, in a *per curiam* decision, affirmed the California State Supreme Court's decision finding harmless error *ex parte* communications between the trial judge and a juror where the communications were innocuous, did not discuss any fact and controversy or any law applicable to the case, and where the jurors' deliberation could not have been biased by the communication. It is not my position that *ex parte* communications are never of serious concern or that they may never constitute error. But, where, as in the instant case, such communication by the trial judge is innocuous and it does not involve the discussion of any fact or controversy or any law applicable to the case, and where the jurors could not have been biased by the communication, such communication constitutes harmless error.

Should findings, supported by convincing evidence, and conclusions on remand reflect a completely innocuous admonition not prejudicial to defendant, harmless error will have been demonstrated and this Court could then proceed to examine the defendant's other assignments of error and arguments on this appeal. I vote to remand the case for a hearing and findings and conclusions as to this assignment of error.