STATE OF NORTH CAROLINA v. GARY DEVONE BUCKOM

No. 908SC162

(Filed 21 August 1990)

**Constitutional Law § 66 (NCI3d) — court's ex parte communication with jury — denial of right of confrontation**

Defendant's constitutional right to be present at every stage of his trial was violated by the trial court's *ex parte* meeting and discussion with the jury during a recess before the verdict was rendered, and defendant is entitled to a new trial on two armed robbery charges where the record fails to show that defendant's defense was not prejudiced by his absence from the *ex parte* meeting.

**Am Jur 2d, Trial § 1001.**

APPEAL by defendant from judgment entered 13 September 1989 by *Judge Samuel T. Currin* in WAYNE County Superior Court. Heard in the Court of Appeals 3 August 1990.

Defendant was charged in proper bills of indictment with two counts of robbery with a dangerous weapon in violation of G.S. § 14-87. The jury found defendant guilty as charged and he was sentenced to consecutive forty year prison terms. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Karen E. Long, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., for defendant-appellant.*

JOHNSON, Judge.

The State's evidence tended to show that Quick Mart #1 on Ash Street in Goldsboro was robbed on 26 January 1989 between 1:30 and 2:00 a.m. During the robbery, the robber held a small paring knife to the night manager's neck and demanded that he open the cash register. When the manager was unable to get the cash register open, the robber put the knife on the counter, knocked the cash register to the floor and ran away with the cash drawer which contained approximately $45 in cash and food stamps and two credit cards.

After being picked up near the Quick Mart, defendant was driven to the store for possible identification. The night manager was unable to identify him as the robber at that time, but did at trial. The missing cash register was found at a nearby school the following morning.

On 27 January, two men came into the Quick Mart #3 on Arrington Bridge Road and Route 117 south of Goldsboro and used a Texaco credit card stolen the day before from Quick Mart #1 to buy gas, cigarettes and brake fluid. When the cashier opened the cash drawer during the transaction, the man pulled out a pocketknife and demanded all the money. The cashier by way of both a photographic lineup and a show-up at district court identified the defendant as the robber.

Fingerprints taken from the paring knife, the credit card and the cash register drawer could not be identified as belonging to the defendant.

Defendant's girlfriend testified on his behalf and stated the defendant was with her in bed on the night in question. She further testified that she and defendant awoke together 27 January. On cross-examination, she testified that she was not sure if the defendant remained in her apartment throughout the night.

On appeal, defendant brings forth two questions for this Court's review. By Assignment of Error number one, defendant contends that the trial court committed reversible error by engaging in an *ex parte* communication with the jury during the trial. We agree and therefore hold that defendant is entitled to a new trial.

Although not noted in the trial transcript, an *ex parte* communication by the trial judge to the jury before a verdict was rendered is revealed in two affidavits found in the record on appeal. Irvin J. Craig, Jr. states in his affidavit of 9 February 1990 that he was a juror in the present case and that the trial judge twice met with the jurors in the jury room behind closed doors in the absence of defendant, any counsel, or the court reporter. One meeting was after defendant's sentence was pronounced, but the other "occurred during a recess in the presentation of evidence in the defendant's trial, prior to the rendering of the verdict." Benjamin B. Sendor, a special assistant to the Appellate Defender, states in his 9 February 1990 affidavit that he interviewed Craig and two other jurors. In separate interviews each juror said that an

STATE v. BUCKOM

[100 N.C. App. 179 (1990)]

*ex parte* meeting and discussion between the trial judge and the jurors occurred during a recess prior to rendering of the verdict. The State makes no showing to dispute the claims made in these affidavits.

Our Supreme Court addressed such *ex parte* communications between a trial judge and the jury before the verdict is rendered in *State v. Payne*, 320 N.C. 138, 357 S.E.2d 612 (1987). In that case, the trial judge told the court reporter that he would administer the admonitions to the jury in the jury room. Because there was no indication in the record to the contrary, the Court assumed that the trial judge did as he said he would. The Court held that such *ex parte* communications violated the rights of the accused to be present at every stage of his trial. The Court further held that the State could not show that the error was harmless beyond a reasonable doubt because the defendant, counsel and the court reporter were all absent.

In the present case, like *Payne*, defendant, counsel and the court reporter were absent during the trial judge's communication with the jury. Unlike the trial judge in *Payne*, the trial judge in this case did not even tell the court reporter that he planned to speak to the jury in the jury room. We note also that in this case defendant was proceeding *pro se* and therefore had no benefit of counsel. We cannot distinguish this case from *Payne*, or the more recent *State v. Smith*, 326 N.C. 792, 392 S.E.2d 362 (1990) (following three unrecorded private bench conferences, three potential jurors were excused by the trial judge), although the Supreme Court subsequent to *Payne* has done so under certain facts. *See State v. Davis*, 325 N.C. 607, 386 S.E.2d 418 (1989), *cert. denied*, --- U.S. ---, 110 S.Ct. 2587, 110 L.Ed.2d 268 (1990) (following *ex parte* communications between trial judge and a juror, juror was replaced with an alternate); *State v. Artis*, 325 N.C. 278, 384 S.E.2d 470 (1989), *cert. granted, judgment vacated*, --- U.S. ---, 110 S.Ct. 1466, 108 L.Ed.2d 604 (1990) (following in-chambers examination of juror by the trial judge the juror was removed for cause); *State v. Laws*, 325 N.C. 81, 381 S.E.2d 609 (1989), *cert. granted, judgment vacated*, --- U.S. ---, 110 S.Ct. 1465, 108 L.Ed.2d 603 (1990) (record established that *ex parte* communications were not prejudicial); *State v. Allen*, 323 N.C. 208, 372 S.E.2d 855 (1988), *cert. granted, judgment vacated*, --- U.S. ---, 110 S.Ct. 1463, 108 L.Ed.2d 601 (1990) (court reporter was present during *ex parte* interviews with jurors and provided counsel with transcripts).

The record in this case does not disclose at what point the trial judge met with the jury nor does it recite the content of the meeting and discussion. We therefore cannot say that the absence of defendant at the time of the communication, particularly since he represented himself, did not prejudice his defense. For these reasons, *Payne* is applicable to this case. The *ex parte* communications between the trial judge and the jury amounted to error requiring a new trial of defendant.

In light of our holding above, we find it unnecessary to discuss Assignment of Error number two.

New trial.

Judges WELLS and EAGLES concur.