STATE OF NORTH CAROLINA v. KATRINA MARIE GRANT CALLAHAN

No. 9016SC945

(Filed 19 March 1991)

**Constitutional Law § 340 (NCI4th)— judge in jury chambers— constitutional right of defendant to be present violated**
    Defendant's constitutional right to be present at every stage of his trial was violated by the trial judge's ex parte communications with the jury before the verdict was rendered. Art. I, §§ 18 and 23 of the N. C. Constitution; Sixth and Fourteenth Amendments to U. S. Constitution.

    **Am Jur 2d, Trial §§ 600, 1001, 1048.**

STATE v. CALLAHAN

[102 N.C. App. 344 (1991)]

**Postretirement out-of-court communications between jurors and trial judge as grounds for new trial or reversal in criminal case. 43 ALR4th 410.**

APPEAL by defendant from judgment entered 1 March 1990 in ROBESON County Superior Court by *Judge Samuel T. Currin.* Heard in the Court of Appeals 22 February 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Valerie L. Bateman, for the State.*

*Assistant Public Defender Daniel Shatz for defendant appellant.*

WYNN, Judge.

Defendant was convicted of first degree burglary and was sentenced to fifty years active imprisonment. Defendant appeals.

Defendant has offered eight arguments on appeal based on ten assignments of error. Because the first argument warrants a new trial for defendant, we need not address the others. The facts of this case do not bear on the assignment brought forward, and likewise do not merit discussion here.

The record reveals that during the course of the trial, the presiding trial judge, Judge Samuel T. Currin, engaged in an ex parte communication with the jury. Following a lunch recess, the jury was instructed to reassemble in the jury deliberation room. Prior to reconvening court, Judge Currin entered the jury room where the jurors had gathered. During this time period, the length of which is not revealed in the record, Judge Currin was alone with the jurors. Neither defendant, her attorney, the court reporter, nor any other court personnel were present. Judge Currin's entrance and exit from the jury room was observed by the defense counsel, the courtroom clerk, and the court reporter. The allegation is not refuted by the State. This conduct on the part of the presiding judge violated the defendant's rights under article I, sections 18 and 23 of the North Carolina Constitution and the sixth and fourteenth amendments of the United States Constitution.

Article I, section 23 of the North Carolina Constitution gives a criminal defendant the right to be present at every stage of her trial. *State v. Moore,* 275 N.C. 198, 208, 166 S.E.2d 652, 659 (1969). The sixth and fourteenth amendments to the United States Constitution give an accused the same protection. *Id.* (citing *Pointer*

*v. Texas*, 380 U.S. 400, 13 L. Ed. 2d 923 (1965) ). A criminal defendant also has the right to a public trial, a right guaranteed by article I, section 18 of the North Carolina Constitution and the sixth and fourteenth amendments to the United States Constitution. "The public, and especially the parties are entitled to see and hear what goes on in the courts." *In Re Nowell*, 293 N.C. 235, 249, 237 S.E.2d 246, 255 (1977) (citations omitted). *See also Waller v. Georgia*, 467 U.S. 39, 81 L. Ed. 2d 31 (1984).

It is well established under North Carolina law that *ex parte* communications between the trial court and the jury is prohibited. In *State v. Payne*, 320 N.C. 138, 357 S.E.2d 612 (1987), our Supreme Court reversed a defendant's conviction because the trial court admonished the jury in the jury room outside the presence of the defendant, counsel and court reporter. The Court held that this communication violated the defendant's right to be present at every stage of his trial. *Id.* at 139, 357 S.E.2d at 612.

The Supreme Court again addressed this issue in *State v. Smith*, 326 N.C. 792, 392 S.E.2d 362 (1990). There, the trial court had held private, unrecorded bench conferences with three potential jurors. The court then excused the jurors. These private communications between the court and the prospective jurors took place in the courtroom with the defendant and counsel present. Nevertheless, the Supreme Court held that the private communications at the bench denied the defendant his right to be present at every stage of the trial.

Finally, and perhaps most telling in this case, is *State v. Buckom*, 100 N.C. App. 179, 394 S.E.2d 704 (1990). In that case, the presiding judge (the same judge who presided over the case *sub judice*) twice met with the jurors in the jury room in the absence of the defendant or the court reporter (the defendant was proceeding *pro se*). One of the meetings occurred during a recess prior to the jury rendering its verdict. This court held that the conduct of the trial judge was indistinguishable from that in *Payne, supra*, and constituted reversible error.

As in *Buckom*, the defendant's constitutional right to be present at every stage of her trial was violated by the Judge's *ex parte* communications with the jury before the verdict was rendered. It follows that the defendant is entitled to a new trial.

New trial.

Judges JOHNSON and PHILLIPS concur.