DAVIS, Judge.
Elias Antwan Collins ("Defendant") appeals from his convictions for conspiracy to commit robbery with a dangerous weapon, robbery with a firearm, and first-degree murder. On appeal, Defendant argues that the trial court erred in denying his motion for a mistrial. After careful review, we conclude that Defendant received a fair trial free from error.
Factual and Procedural Background
On 10 February 2011, a Columbus County grand jury indicted Defendant on charges of conspiracy to commit robbery with a dangerous weapon, robbery with a dangerous weapon, and first-degree murder. These charges stemmed from a 16 January 2011 robbery of a convenience store in Tabor City during which the convenience store clerk was fatally shot and one of the assailants was shot. Defendant and two others were arrested at a nearby hospital, where Defendant was being treated for a gunshot wound to his stomach.
Defendant's case came on for trial in Columbus County Superior Court on 29 February 2016 before the Honorable Douglas B. Sasser. The State presented overwhelming evidence against Defendant at trial, including witness testimony, video of the robbery from the store's surveillance equipment, and his confession. On 9 March 2016, the jury returned verdicts finding Defendant guilty of conspiracy to commit robbery with a firearm, robbery with a firearm, and first-degree murder under the felony murder rule. The trial court arrested judgment on Defendant's robbery with a firearm conviction. The court entered judgments sentencing Defendant to a term of life imprisonment without parole for first-degree murder and a concurrent term of 29 to 44 months imprisonment for conspiracy to commit robbery with a dangerous weapon. Defendant gave oral notice of appeal.
Analysis
Defendant's sole argument is that the trial court erred in denying his motion for a mistrial based on the court's handling of an instance of improper contact by a State's witness with a member of the jury. N.C. Gen. Stat. § 15A-1061 provides that "[t]he judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2015).
This Court has explained that, generally,
[a] mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law. Whether to grant a motion for mistrial is within the trial court's discretion, and its ruling will not be disturbed unless it clearly amounts to a manifest abuse of discretion. The question of misconduct is determined based on the facts and circumstances of each case. The trial judge is in a better position to investigate any allegations of misconduct, question witnesses and observe their demeanor, and make appropriate findings. Accordingly, when a defendant alleges juror misconduct, the trial court is responsible for investigating the matter and making an appropriate inquiry.
State v. Bethea , 173 N.C. App. 43, 49, 617 S.E.2d 687, 692 (2005) (internal citations, quotation marks, and brackets omitted). "An abuse of discretion occurs only upon a showing that the judge's ruling was so arbitrary that it could not have been the result of a reasoned decision." State v. Salentine , 237 N.C. App. 76, 81, 763 S.E.2d 800, 804 (2014) (citation and quotation marks omitted), disc. review denied , 368 N.C. 256, 771 S.E.2d 308 (2015).
In the present case, the improper contact at issue occurred during a lunch recess on 7 March 2016. Following the recess, the issue was brought to the court's attention and the trial judge closed the courtroom to the public to address the matter.
At that time, the trial judge heard from court personnel and several other jurors that Juror # 11 was sent a text message from a friend indicating that the friend had given Juror # 11's phone number to Officer Anthony Spivey of the Tabor City Police Department, who had responded to the convenience store robbery and who had testified earlier in the trial for the State. Juror # 11 received her friend's message during the lunch recess. Juror # 11 explained that Officer Spivey was good friends with her brother but that she did not have any contact with him.
Later during the recess while Juror # 11 was at lunch with three other jurors, Juror # 11 received another text message from an unfamiliar telephone number. That message said, "Need to tighten up." Juror # 11 thought the message was from Officer Spivey but was not certain. Juror # 11 was uncertain what she should do and sought advice from the jurors present with her. When they arrived back at the courthouse after lunch, one of the other jurors got the attention of a deputy, and Juror # 11 informed the deputy about the text messages. The deputy informed his superior officer, who investigated the matter further and brought the matter to the trial judge's attention.
In addition to investigating the circumstances of the improper communication, the court inquired whether Juror # 11 and the other three jurors who had been with Juror # 11 when she received the text messages could remain fair and impartial. Each of the four jurors stated that they could still be fair and impartial. The court then brought the entire jury into the courtroom to inquire whether any other member of the jury had been contacted. No other jurors stated they had been contacted. No further evidence was presented in Defendant's trial on 7 March 2016.
The following morning when the trial resumed on 8 March 2016, the defense moved for a mistrial. The trial judge denied Defendant's motion but elected to replace Juror # 11 with an alternate juror. The trial court also struck the testimony of Officer Spivey and instructed the jury to disregard his testimony.
On appeal, Defendant acknowledges that this Court generally reviews the trial court's denial of a motion for a mistrial for an abuse of discretion. Nevertheless, he contends the proper standard of review in this case is de novo because the issue is not whether he could receive a fair trial following the improper contact between Officer Spivey and Juror # 11, but whether the circumstances of this case would erode the public's confidence in the integrity of the jury system. Defendant does not argue on appeal that he actually suffered any prejudice to his case. Instead, he contends that because the misconduct here impugned the integrity of the jury system, prejudice should be constructively presumed.
In support of his argument for a mistrial, Defendant primarily relies on three cases: State v. Wilson , 314 N.C. 653, 336 S.E.2d 76 (1985) ; State v. Bailey , 307 N.C. 110, 296 S.E.2d 287 (1982) ; and State v. Mettrick , 305 N.C. 383, 289 S.E.2d 354 (1982). We find each of these cases to be materially distinguishable.
In Wilson , the bailiff in charge of the jury was the prosecuting attorney's wife. Wilson , 314 N.C. at 655, 336 S.E.2d at 76. As the Supreme Court noted in that case,
[d]uring a break in the jury's deliberations, one of the jurors spoke to the bailiff and said that she had seen her and the prosecuting attorney driving home together after work. Another juror mentioned that she had observed the bailiff and the prosecuting attorney driving to work together. There was also some conversation to the effect that the three of them lived in the same vicinity. As a result of these statements, the bailiff proceeded to engage in a few minutes of friendly conversation with these two jurors, including a statement to them, "Well, here we are, nearly neighbors and didn't even know it."
Id . at 655, 336 S.E.2d at 76-77.
The defense overheard the conversation between the bailiff and the jurors and moved for a mistrial, which the trial court denied. Id . at 655, 336 S.E.2d at 77. On appeal, the Court "conclude[d] that the defendant is entitled to a new trial due to the fact that the wife of the assistant district attorney who prosecuted the case served as the bailiff in charge of the jury." Id . at 655, 336 S.E.2d at 76.
In Mettrick , the jurors in the defendant's trial were drawn from another county. The sheriff and a deputy who testified for the State transported prospective jurors-and then a number of the selected jurors-between the counties on activity buses. Mettrick , 305 N.C. at 384, 289 S.E.2d at 355. The Court specifically noted that "[t]he uncontested evidence on voir dire indicated that no one was present on any of the bus trips except the jurors and the named officers." Id . at 384-85, 289 S.E.2d at 355. The Court then stated the following:
We have previously held that, where a witness for the State acts as a custodian or officer in charge of the jury in a criminal case, prejudice is conclusively presumed. In such cases the appearance of a fair trial before an impartial jury is as important as the fact of such a trial. The integrity of our system of trial by jury is at stake. No matter how circumspect officers who are to be witnesses for the State may be when they act as custodians or officers in charge of the jury in a criminal case, cynical minds often will leap to the conclusion that the jury has been prejudiced or tampered with in some way. If allowed to go unabated, such suspicion would seriously erode confidence in our jury system. For this reason we have adopted the rule that prejudice is conclusively presumed in such cases.
Id . at 385, 289 S.E.2d at 356 (internal citation and emphasis omitted).
The Court proceeded to consider whether the sheriff and the deputy were "custodians" or "officers in charge" based on the "factual indicia of custody and control...." Id . at 386, 289 S.E.2d at 356. Because "[t]he jurors, in fact, were in [the] ... officers' custody and under their charge out of the presence of the court for protracted periods of time with no one else present [,]" the Court held "that the sheriff and the deputy who were witnesses for the State also acted as custodians or officers in charge of the jury in the present case. Therefore, prejudice is conclusively presumed despite the fact that the evidence reveals no hint of malice or misconduct by the officers." Id . Thus, despite the jurors' assertions that they could render an impartial decision, the Court held the trial court had erred in denying the defendant's motion for a mistrial and granted the defendant a new trial. Id . at 386-87, 289 S.E.2d at 356.
In Wilson , the Supreme Court cited Mettrick for the proposition "that where the custodian or officer in charge of the jury in a criminal case is a witness for the State, prejudice to the defendant is conclusively presumed and he is entitled to a new trial." Wilson , 314 N.C. at 655, 336 S.E.2d at 77. The Court in Wilson then expanded upon Mettrick by holding "that an immediate family member of either a prosecutor trying the case, a defendant, a defendant's counsel defending the case, or a crucial witness for either the prosecution or the defense is prohibited from serving as custodian or officer in charge of the jury in a criminal case." Id . at 656, 336 S.E.2d at 77.
Finally, in Bailey , the Supreme Court reviewed the trial court's denial of the defendant's motion to set aside a verdict of guilty on the basis of improper contact between the jurors and a State's witness. Bailey , 307 N.C. at 110, 296 S.E.2d at 288. The pertinent facts in Bailey were that a sheriff who testified as a witness for the State drove three jurors to a restaurant for an evening meal during a break in the jury deliberations. Id . at 111, 296 S.E.2d at 288. However, the Court did not conclude "that Mettrick squarely controls the decision in this case or that [the sheriff] actually acted as an officer in charge of the jury so as to permit a conclusive presumption of prejudice." Id . at 113, 296 S.E.2d at 289. Instead, the Court looked to the "particular and peculiar facts" of the case and held the defendant was denied a fair trial. Id . at 113-15, 296 S.E.2d at 289-90. In so holding, the Court noted that the sheriff's contact with the jurors was "in direct contravention of all of the court's precautions and cautionary instructions concerning contact with the jurors." Id . at 114-15, 296 S.E.2d at 290. The Court explained that
[t]he probability of prejudice was more certain in this case than in Mettrick . In Mettrick the drivers were in effect chauffeurs who were carrying out their duties to transport jurors to and from the courthouse. Here [the sheriff], by gratuitously transporting the three jurors to the restaurant, granted them a special "favor." Certainly, this must have improved his image and strengthened his credibility in the eyes of the three jurors who were actually in the process of their deliberations. We further note that the jurors were not questioned as to whether their encounter with the Sheriff in any way affected their verdict. The action of [the sheriff] and the jurors constituted misconduct which if "allowed to go unabated ... would seriously erode confidence in our jury system."
Id . at 115, 296 S.E.2d at 290. The Court cautioned, however, that "[its] holding is limited to the particular and peculiar circumstances of this case and we wish to make it clear that we do not by this holding extend the rationale of our prior cases." Id .
We conclude that the cases relied upon by Defendant are clearly distinguishable. The Supreme Court made clear in Mettrick and Wilson that prejudice is conclusively presumed to exist in cases where a State's witness (or someone with an immediate familial connection to the trial) acts as a custodian of the jury. Such was not the case here as Officer Spivey never had custody or control over the jury. Thus, prejudice is not conclusively presumed in this case. For this reason, Defendant was required to establish prejudice in order to show the trial court abused its discretion in failing to declare a mistrial, which he has not done.
Moreover, here-unlike in Bailey -the improper contact did not directly involve multiple members of the jury. Officer Spivey only contacted Juror # 11, and the court removed Juror # 11 and replaced her with an alternate juror.
Furthermore, the improper contact in this case was dissimilar from the conduct in Bailey in that the communication did not involve "a special 'favor' ... [that] must have improved [the witness's] image and strengthened his credibility...." Bailey , 307 N.C. at 115, 296 S.E.2d at 290. Here, the text message from Officer Spivey did nothing to improve his image or strengthen his credibility. In any event, the trial court addressed any potential impact the text message may have had by (1) removing Juror # 11 as a juror and replacing her; (2) striking in its entirety the testimony of Officer Spivey and instructing the jury to disregard his testimony; and (3) questioning the other three jurors who had testified as to their knowledge of the improper text message through a conversation with Juror # 11 and confirming that they were, in fact, able to remain fair and impartial.
The Supreme Court has emphasized that "[m]istrial is a drastic remedy, warranted only for such serious improprieties as would make it impossible to attain a fair and impartial verdict." State v. Stocks , 319 N.C. 437, 441, 355 S.E.2d 492, 494 (1987) (citation omitted). Because the trial judge here conducted a thorough investigation of the improper contact and took appropriate responsive action, we cannot say the trial court abused its discretion in denying Defendant's motion for a mistrial.
Conclusion
For the reasons stated above, we conclude that Defendant received a fair trial free from error.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge McCULLOUGH concur.
Judge McCULLOUGH concurred in this opinion prior to 24 April 2017.