Battle, J.
 

 The bill of exceptions contains many state
 
 *39
 
 ments of testimony, rulings of the presiding Judge, and exceptions of the prisoner’s counsel.
 

 Our attention has been particularly called to the following, which relates to what occurred after the jury had received the first instruction from the court, and had retired to consider of their verdict: Not being able to agree, the jury came into court at a late hour in the night, and it is stated that his “ Honor again charged the jury in the absence ot the prisoner and portion of the counsel.” The jury being still uable to agree, it is set forth that his “Honor again charged them some hours after, in the absence of botli the prisoner and his counsel; and, at the request of the jury, he repeated a poition of the charge he had before given them.”
 

 The question thus presented is one of very great importance in the trial of capital crimes. It is whether the prisoner has a right to he present at the bar at all times during the progress of his trial. We believe that the general impression among the profession in this State is, and always has been, that he has such right; and that the practice has always been in conformity to this impression. The point has never been directly adjudicated, hut in the ease of
 
 State
 
 v. Craton, 6 Ire., 104, the implication in favor of the existence of the ijight is so strong, that we must regard it as equivalent to a positive decision.
 

 In that case it was objected that it it did not appear by the record that the prisoner was personally present in court, at the time of the trial and sentence. The Supreme Court, without the slightest intimation that such presence of the prisoner was unnecessary, overruled the objection, upon the ground that, taking the whole record together, it did sufficiently appear, either by positive assertions or necessary implications, that he was present in court both during his trial, and at the time sentence was passed upon Mm.
 

 The researches of the learned counsel, who have argued
 
 *40
 
 the case before ns, have shown that the same rule prevails in England and in many States-of the Union, particularly in Georgia, Virginia, Tennessee, Illinois, Maryland, Pennsylvania and New York. The rule, indeed, is but a full development of the principles contained in the 7th section of the Declaration of Rights — ;icThat in all prosecutions, every man has a right to be informed of the accusation against him, and to confront the' accusers with witnesses and other testimony and as such, it ought to be kept forever sacred and inviolate.
 

 Whether the presence of the prisoner’s counsel, as well as that of the prisoner himself, during his trial is necessary, we are not now called upon to decide. There may be many cases, in which exigencies might occur during the progress of a trial where the counsel might be of more advantage to the prisoner than he could be to himself. The argument, therefore, in favor of requiring the presence of his counsel, or of some one or more oí them, as well as of the prisoner, is very strong, but we will not undertake to decide upon its validity until a case shall' arise in which it is our duty to do so.
 

 The error to which we have adverted makes it necessary to order a
 
 venire de novo,
 
 and it must be so certified to the Superior Court for the county of Rowan.
 

 Per Curiam.
 
 Venire de
 
 novo.