STATE OF NORTH CAROLINA v. ROLAND DOUGLAS SMITH

No. 627A86

(Filed 13 June 1990)

**Jury § 5 (NCI3d); Constitutional Law § 66 (NCI3d) — murder — jury selection — presence of defendant**

The trial court erred in a murder prosecution by excusing prospective jurors as a result of private unrecorded bench conferences with those jurors. The confrontation clause of the Constitution of North Carolina guarantees the right of the defendant to be present at every stage of the trial and it was error for the trial court to exclude the defendant, counsel, and the court reporter from its private communications with the prospective jurors at the bench prior to excusing them. It could not be determined from the record whether the error was harmless beyond a reasonable doubt because no record of the trial court's private discussions with the prospective jurors exists. N.C. Const. Art. I, § 23.

**Am Jur 2d, Criminal Law § 913; Jury § 190.**

APPEAL of right by the defendant from judgment entered at the 2 September 1986 Criminal Session of Superior Court, BURKE County, by *Sitton, J.*, sentencing the defendant to death for murder

in the first degree. The defendant's motion to bypass the Court of Appeals on his appeal of his convictions and sentences to three years for felonious breaking or entering and to life in prison as an habitual felon was allowed on 8 February 1989. Heard in the Supreme Court on 10 October 1989.

*Lacy H. Thornburg, Attorney General, by John H. Watters, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, and Staples Hughes, Assistant Appellate Defender, for defendant appellant.*

MITCHELL, Justice.

The defendant was indicted on 7 September 1985, in separate indictments, for one count of first-degree murder, one count of felonious breaking or entering, and one count of being an habitual felon. The charges against the defendant were consolidated for trial, and he was convicted of all charges. The jury recommended and the trial court entered a sentence of death for the first-degree murder. Thereafter, the trial court sentenced the defendant to the presumptive three-year term for felonious breaking or entering and to life in prison as an habitual felon.

On appeal the defendant contends, *inter alia*, that the trial court committed reversible error by holding unrecorded private bench discussions with prospective jurors, which resulted in the trial court excusing those jurors. We agree and hold that errors committed by the trial court during the selection of the jury for this capital trial require that the verdicts and judgments against the defendant be vacated and that this case be remanded to the Superior Court for a new trial.

A review of the jury selection process for this capital trial reveals that after some jurors had been selected, additional prospective jurors were called into the courtroom. Three of those prospective jurors responded to the trial court's question as to whether any problems had developed that would prevent them from serving on the jury. On each occasion, the trial court invited the prospective juror to the bench to discuss the problem privately, even though counsel and the defendant were in the courtroom. After each of these unrecorded private bench conferences, the trial court excused the prospective juror, indicating that it was within the discretion of the court to excuse that particular juror.

STATE v. SMITH

[326 N.C. 792 (1990)]

The fundamental question before us is whether the trial court's action in excusing prospective jurors as a result of its private unrecorded bench conferences with them violated the defendant's state constitutional right to be present at every stage of the trial. The confrontation clause of the Constitution of North Carolina guarantees the right of this defendant to be present at *every* stage of the trial. *State v. Huff*, 325 N.C. 1, 29, 381 S.E.2d 635, 651 (1989); N.C. Const. Art. I, § 23 (1984). This state constitutional protection afforded to the defendant imposes on the trial court the affirmative duty to insure the defendant's presence at every stage of a capital trial. The defendant's right to be present at every stage of the trial "ought to be kept forever sacred and inviolate." *State v. Blackwelder*, 61 N.C. 38, 40 (1866). In fact, the defendant's right to be present at every stage of his capital trial is not waiveable. *State v. Artis*, 325 N.C. 278, 297, 384 S.E.2d 470, 480 (1989); *State v. Huff*, 325 N.C. at 31, 381 S.E.2d at 652. *But cf. State v. Tate*, 294 N.C. 189, 239 S.E.2d 821 (1978) (private communication between a judge and a seated juror expressly disapproved, however, the defendant's failure to object to the impropriety held to constitute a waiver).

The process of selecting and impaneling the jury is a stage of the trial at which the defendant has a right to be present. Therefore, it was error for the trial court to exclude the defendant, counsel, and the court reporter from its private communications with the prospective jurors at the bench prior to excusing them. *State v. Artis*, 325 N.C. at 297, 384 S.E.2d at 480. Unless the State proves that the denial of the defendant's right, under article I, section 23 of the Constitution of North Carolina, to be present at this stage of his capital trial was harmless beyond a reasonable doubt, we must order a new trial. *State v. Huff*, 325 N.C. at 33, 381 S.E.2d at 653.

We cannot tell from the record of this capital trial whether the errors in question were harmless beyond a reasonable doubt. No record of the trial court's private discussions with the prospective jurors exists to reveal the substance of those discussions. Accordingly, we are constrained to conclude that the State has failed to carry its burden, and we cannot say that the trial court's errors were harmless beyond a reasonable doubt. This conclusion is underscored by the fact that the trial court's action also violated the statutory requirement that the trial court must make a true, complete, and accurate record of the selection of the jury in a

capital trial. N.C.G.S. § 15A-1241(a) (1988). Without a record of the trial court's conversations with the prospective jurors, resulting in their being excused, we cannot exercise meaningful appellate review.

We are confident that the actions of the trial court were in good faith and resulted from its concern for the efficient conduct of the selection of the jury. Nevertheless, we must vacate the verdicts and judgments entered against the defendant after the capital trial in which these errors were committed and remand this case to the Superior Court, Burke County, for a new trial.

New trial.