STATE OF NORTH CAROLINA v. ERNEST PAUL McCARVER

No. 217A88

(Filed 12 June 1991)

**Constitutional Law § 344 (NCI4th) — excusal of jurors in capital case — private bench conferences — right of defendant to be present**

Defendant's right to be present at every stage of his trial was violated in a capital case by the trial court's excusal of prospective jurors as a result of private unrecorded bench conferences with those jurors. It could not be determined

whether this error was harmless beyond a reasonable doubt because no record was made of the conversations at the bench as required by N.C.G.S. § 15A-1241, and an affidavit made by the presiding judge three years after the trial was not a proper substitute for this statutory requirement. Art. I, § 23 of the N. C. Constitution.

**Am Jur 2d, Criminal Law §§ 901, 913; Trial § 1103.**

APPEAL as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of death entered by *Davis, J.*, at the 18 April 1988 Criminal Session of Superior Court, CABARRUS County, upon a jury verdict finding defendant guilty of first degree murder. This Court on 18 July 1990 allowed defendant's motion to bypass the Court of Appeals on the robbery with a dangerous weapon conviction. Heard in the Supreme Court 8 April 1991.

The defendant was tried for first degree murder and armed robbery. A special venire was ordered from Stanly County. The judge, after making a preliminary statement to the jury, told it he would consider excuses from prospective jurors. He said, "I will hear those excuses here at the bench, and I will turn the microphone off, and then I will determine whether or not you can be excused from this particular case." Nine jurors separately approached the bench. Neither the defendant nor his attorney were at the bench, and they could not hear what was said. After the conversations at the bench the court announced it would excuse two jurors because of their age and because their health was "not good." It excused four more jurors "for good cause shown." The jury panel was exhausted before a jury could be chosen and a new venire was drawn from Stanly County. The court followed the same procedure with this group by letting them individually come to the bench and make their excuses privately. It excused five of these jurors "in the discretion of the Court and for good cause shown."

The defendant was convicted of first degree murder and armed robbery. He received the death penalty for first degree murder and 40 years in prison for the conviction of armed robbery. The defendant appealed to this Court.

*Lacy H. Thornburg, Attorney General, by Steven F. Bryant, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Gordon Widenhouse, Assistant Appellate Defender, for defendant appellant.*

STATE v. McCARVER

[329 N.C. 259 (1991)]

WEBB, Justice.

We hold that pursuant to *State v. Smith*, 326 N.C. 792, 392 S.E.2d 362 (1990) and *State v. Payne*, 320 N.C. 138, 357 S.E.2d 612 (1987), we are bound to order a new trial. In *Smith* we held it was prejudicial error for the court to excuse jurors after an unrecorded bench conference. We said, relying on the N.C. Const. art. I, § 23, *State v. Artis*, 325 N.C. 278, 384 S.E.2d 470 (1989) and *State v. Huff*, 325 N.C. 1, 381 S.E.2d 635 (1989), that a defendant has the right, which may not be waived in a capital case, to be present at every stage of his trial, including the selection and impanelling of the jury.

Unless the State can show that this denial of the defendant's right to be present is harmless beyond a reasonable doubt there must be a new trial. *State v. Payne*, 328 N.C. 377, 402 S.E.2d 582 (1991). In this case, as in *Smith*, there was no record made of the conversations at the bench and we are unable to determine whether the error was harmless beyond a reasonable doubt.

The State has made a motion to amend the record on appeal to include an affidavit made on 21 March 1991 by the judge who tried the case with his notes made at the trial. The judge explained in this affidavit why he excused the jurors. We do not believe this is helpful to the State. The court reporter did not record the bench conferences, as required by N.C.G.S. § 15A-1241. We will not substitute for this statutory requirement an affidavit made approximately three years after the event. The affidavit was not a part of the record made of the trial.

We do not discuss the defendant's other assignments of error as they may not recur at a new trial.

For errors made in the selection of the jury which found the defendant guilty of first degree murder and armed robbery there must be a new trial.

New trial.