STATE OF NORTH CAROLINA v. WADE LARRY COLE

No. 349A89

(Filed 22 April 1992)

**1. Constitutional Law § 344 (NCI4th) — excusal of jurors — private bench conferences — right of defendant to be present**

It was not error for the trial court to excuse prospective jurors after unrecorded bench conferences when defendant's trial for a first and a second degree murder had not com-

STATE v. COLE

[331 N.C. 272 (1992)]

menced, but it was error to do so after defendant's trial had begun and he had an unwaivable right to be present at all stages of the trial. The State failed to carry its burden of showing that the error was harmless beyond a reasonable doubt although the State contended that the error was harmless because there must be a new sentencing hearing due to *McKoy* error and the guilt phase was therefore not a capital trial; that the court did not excuse the jurors but deferred their services to a later term and pursuant to N.C.G.S. § 9-6(f) there is no provision for objections to deferrals to jury service, so that the composition of the jury would have been no different had defendant been present at the bench conferences; that the evidence against defendant was so overwhelming that the jury would have convicted him whatever its composition; and that defendant was not tried for his life for the second degree murder, so that he could waive his right to be at the bench conferences for that trial.

Am Jur 2d, Criminal Law § 901.

2. **Homicide § 212 (NCI4th)— beating—heart attack—evidence of homicide sufficient**

The trial court properly denied defendant's motion to dismiss a charge of second degree murder, which produced a manslaughter conviction, where the State's evidence was that the victim's death was caused by an abnormal heartbeat caused by the assault she had suffered from defendant. It is too much of a coincidence that the victim died of heart failure shortly after being assaulted to say this makes the assault speculative as a cause. The stress of seeing her daughter assaulted was a part of the stress of being assaulted by the defendant as part of one incident.

Am Jur 2d, Homicide § 18.

Homicide by fright or shock. 47 ALR2d 1072.

Justice LAKE did not participate in the consideration or decision of this case.

APPEAL as of right by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a death sentence entered by *Stephens, J.,* at the 17 July 1989 Criminal Session of Superior Court, CAMDEN County. Defendant's motion to bypass the Court

of Appeals as to an additional judgment was allowed by the Supreme Court 5 February 1991. Heard in the Supreme Court 10 December 1991.

The defendant was charged with the murder of his girlfriend Theresa Graham and his girlfriend's mother Hattie Graham. The two cases were consolidated for trial and defendant was tried for his life for the murder of Theresa Graham. He was tried for second degree murder on the charge in regard to the death of Hattie Graham.

A jury panel was present for the trial of cases during the week commencing 17 July 1989. After the court announced the first order of business was the selection of a grand jury and a grand jury foreman, it considered excuses from prospective jurors. The jurors were questioned individually at the bench and off the record by the judge. Neither the defendant nor his attorney was present at the bench. While the record does not reflect the contents of these discussions, it indicates that the court said, "I've excused those or deferred those that seemed appropriate." The grand jury was then selected. The petit jury panel was then administered the oath and dismissed until the next morning in order for the court to resolve pretrial matters.

On Tuesday, 18 July 1989, the defendant's case was called for trial and jury selection began. The following day, Wednesday, a second pool of prospective jurors reported for jury duty. The judge questioned prospective jurors individually at the bench concerning their requests to be excused or deferred from jury service. Neither the defendant nor his counsel was present at the bench when these conferences took place nor were these conferences recorded. After these bench conferences, the court excused some of these prospective jurors. The record does not show why they were excused.

The State's evidence showed that defendant killed Theresa Graham by inflicting multiple stabbings upon her as well as two gunshot wounds. He also stabbed his girlfriend's mother who intervened in the fight. The State introduced evidence that the mother's death was caused by abnormal heartbeat (cardiac arrhythmia). In the opinion of the State's expert witness, the precipitating cause of the abnormal heartbeat was "the assault she had suffered, the physical injuries, shallow cuts, evidence of blunt force, blows about the face and chest."

STATE v. COLE

[331 N.C. 272 (1992)]

The defendant was found guilty of the murder of Theresa Graham and received the death penalty on this charge. He was convicted of involuntary manslaughter for the death of Hattie Graham and was sentenced to ten years in prison on this charge.

*Lacy H. Thornburg, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Benjamin Sendor, Assistant Appellate Defender, for defendant appellant.*

WEBB, Justice.

[1] The defendant's first assignment of error deals with the unrecorded bench conferences at which the court excused some of the jurors. We believe this assignment of error has merit. We held in *State v. McCarver*, 329 N.C. 259, 404 S.E.2d 821 (1991) and *State v. Smith*, 326 N.C. 792, 392 S.E.2d 362 (1990), that a defendant's unwaivable right to be present at every stage of a capital trial made it error for a court to excuse a juror after an unrecorded conference at the bench at which neither the defendant nor his counsel was present.

In this case, it was not error for the court to excuse prospective jurors after the unrecorded bench conferences on 17 July 1989. The defendant's trial had not commenced at that time. The jurors were not excused at a stage of the defendant's trial and the defendant did not have the right to be present at the conferences.

It was error to excuse jurors after the unrecorded bench conferences on 19 July 1989. The defendant's trial had commenced at that time and he had an unwaivable right to be present at all stages of the trial. In this case, as in *McCarver* and *Smith*, the conferences at the bench were not recorded and we cannot determine whether the error was harmless. We conclude that the State has failed to carry its burden of showing the error was harmless beyond a reasonable doubt.

The State concedes there was error in excusing the jurors during the trial after the bench conferences. It says the error was harmless beyond a reasonable doubt. The State says it has conceded error in the charge of the penalty phase of the trial because of a violation of the rule of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). For this reason, says the

State, there must be a new trial as to the penalty which prevents the guilt phase of this case from being a capital trial and the defendant did not have the right to be present at the bench conferences. We cannot hold that a phase of the trial, at which if the defendant is found guilty, he may then be tried to determine whether he will be sentenced to death, is not a part of a capital trial.

The State also contends that the record shows that the court did not excuse the jurors but deferred their services to a later term. It says that pursuant to N.C.G.S. § 9-6(f) there is no provision for objections to deferrals of jury service and if the defendant had been present at the bench conferences, the composition of the jury would have been no different. N.C.G.S. § 9-6(f) provides:

> The discretionary authority of a presiding judge to excuse a juror at the beginning of or during a session of court is not affected by this section.

N.C.G.S. § 9-6 mandates a procedure to be promulgated by the chief district court judges to provide for the excusal of prospective jurors. Subsection (f) provides that with this procedure, the superior court judges retain the power to excuse jurors. Although N.C.G.S. § 9-6(f) provides that superior court judges have the power to excuse jurors, this power must be exercised within the constraints of constitutional requirements which was not done in this case.

The State also says the evidence against the defendant was so overwhelming that the jury would have convicted him at the guilt phase whatever its composition. *State v. Huff*, 325 N.C. 1, 381 S.E.2d 635 (1989), dealt with a defendant's unwaivable right under the Constitution of North Carolina to be present at all stages of the trial. We held in that case that in order to find a violation of this right is harmless error, the State must show and we must find the error was harmless beyond a reasonable doubt. We said that error is harmless beyond a reasonable doubt if it does not contribute to the verdict obtained. *Id.* at 33, 381 S.E.2d at 653. We cannot hold in this case that a change in the composition of the jury did not contribute to the verdict. Although the evidence for the State was strong we cannot say beyond a reasonable doubt that a different jury would have returned a death sentence.

The State argues finally that the defendant was not tried for his life for the murder of Hattie Graham. For this reason, he could waive his right to be at the bench conferences for that

trial, which he did, and the judgment in that case should be affirmed. *See State v. Tate*, 294 N.C. 189, 239 S.E.2d 821 (1978). In *McCarver* and *Smith*, the defendants were granted new trials for the charges joined for trial with the murder charges. We are bound by those cases to order a new trial on the charge involving the death of Hattie Graham.

[2] The defendant also assigns error to the denial of his motion to dismiss the charge against him arising from the death of Hattie Graham. The court charged the jury that in order to find the defendant guilty they must find that the defendant unlawfully committed an assault on Hattie Graham which was the proximate cause of her abnormal heartbeat. The defendant, relying on *State v. Cox*, 303 N.C. 75, 277 S.E.2d 376 (1981), *State v. McCoy*, 79 N.C. App. 273, 339 S.E.2d 419 (1981) and *State v. Smith*, 65 N.C. App. 770, 310 S.E.2d 115, *modified on another point and affirmed*, 311 N.C. 145, 316 S.E.2d 75 (1984), argues that in order to survive a motion to dismiss, the evidence must support a conviction on the theory submitted to the jury. He says the case against him in regard to the death of Hattie Graham was tried on the theory that the assault on her by him was the cause of her heart failure and the evidence on this point was too speculative to be submitted to the jury.

The defendant says that there was evidence that Hattie Graham's heart failure could have been caused by (1) her heart disease without further stress, (2) the stress of seeing her daughter assaulted, or (3) the assault on her by the defendant. He says the cause of death was too speculative for the charge against him to be submitted to the jury on the theory that his assault on Hattie Graham was the cause of her death.

The State presented expert testimony that defendant's assault on Hattie Graham was the precipitating cause of the abnormal heartbeat that caused her death. It is too much of a coincidence that Hattie Graham died of heart failure shortly after being assaulted to say this makes the assault speculative as a cause. The stress of seeing her daughter assaulted was a part of the stress of being assaulted by the defendant. It was all part of one incident. The charge was properly submitted to the jury.

We do not pass on the defendant's other assignments of error as the questions they pose may not arise at a new trial.

STATE EX REL. UTILITIES COMM. v. VILLAGE OF PINEHURST

[331 N.C. 278 (1992)]

New trial.

Justice LAKE did not participate in the consideration or decision of this case.