STATE OF NORTH CAROLINA v. RICKY CARLTON EXUM

No. 310A95

(Filed 10 May 1996)

**Constitutional Law § 342 (NCI4th)— capital trial—in-chambers conference with attorneys—absence of defendant—nonwaivable right to be present—prejudice**

The trial court violated defendant's nonwaivable right to be present at all stages of his capital trial by conducting an unrecorded in-chambers conference during the trial with the attorneys present but out of the hearing of the defendant. Because the in-chambers conference was not recorded and the nature and content of the private discussion cannot be gleaned from the record, the State failed to meet its burden of showing that the error was harmless beyond a reasonable doubt, and defendant is entitled to a new trial. N.C. Const. art. I, § 23.

**Am Jur 2d, Criminal Law §§ 692 et seq., 901 et seq.**

STATE v. EXUM

[343 N.C. 291 (1996)]

**Exclusion or absence of defendant, pending trial of criminal case, from courtroom, or from conference between court and attorneys, during argument on question of law. 85 ALR2d 1111.**

**Right of accused to be present at suppression hearing or at other hearing or conference between court and attorneys concerning evidentiary questions. 23 ALR4th 955.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Wright, J., at the 31 October 1994 Criminal Session of Superior Court, Greene County, upon a jury verdict of guilty of first-degree murder. Defendant's motion to bypass the Court of Appeals for a conviction of assault with a deadly weapon with intent to kill inflicting serious injury was allowed 1 November 1995. Heard in the Supreme Court 11 April 1996.

*Michael F. Easley, Attorney General, by John J. Aldridge, III, Assistant Attorney General, for the State.*

*Margaret Creasy Ciardella for defendant-appellant.*

PER CURIAM.

On 27 June 1993, Delores Joyner Exum was stabbed to death by her estranged husband, the defendant, Ricky Carlton Exum, after an altercation at their home. Defendant was indicted for first-degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, and common law attempted murder, which was ultimately dismissed by the State. He was tried capitally at the 31 October 1994 Criminal Session of Superior Court, Greene County, and was found guilty of first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury.

During the capital sentencing proceeding, the jury was unable to unanimously agree on its sentencing recommendation, and the trial court imposed a mandatory sentence of life imprisonment for the conviction of first-degree murder. The trial court also imposed a sentence of twenty years' imprisonment on defendant's conviction of assault with a deadly weapon with intent to kill inflicting serious bodily injury.

A complete presentation of the evidence is unnecessary to understand the legal issue involved in this case. In summary, however, the

State presented evidence tending to show that defendant and Mrs. Exum had experienced domestic problems over several years and were separated at the time of the killing. On the morning of 27 June 1993 at approximately 8:00 a.m., defendant went to the family home and began arguing with Mrs. Exum about a warrant and restraining order that Mrs. Exum had taken out against defendant approximately two weeks earlier for assaulting her. The argument resulted in defendant stabbing Mrs. Exum several times with a knife. In an attempt to take the knife from defendant during the struggle between defendant and Mrs. Exum, Kisha Joyner, one of the couple's four children, was cut on four of her fingers on her right hand. The State's evidence also tended to show that on the day of the incident, defendant had not been drinking alcohol.

Defendant's evidence tends to show that he killed Mrs. Exum in a jealous rage after Mrs. Exum had told him the day before the killing that the baby that she had been carrying when she had a miscarriage in 1992 was not his baby. Defendant's evidence also shows that defendant is an acute, chronic alcoholic and that he had been drinking the night before the killing.

Defendant brings forth numerous issues for review, but we need only focus on defendant's contention that the trial court violated his nonwaivable constitutional right to be present at all stages of his capital trial. Beginning with jury selection and continuing through the jury instruction stage of defendant's capital murder trial, the trial court conducted several bench and in-chambers conferences in defendant's absence. However, we address specifically only the unrecorded in-chambers conference that took place with the attorneys in defendant's absence at the conclusion of testimony by Dr. Thomas Brown, defense expert in the area of forensic psychiatry and substance abuse.

Article I, section 23 of the Constitution of North Carolina provides: "In all criminal prosecutions, every person charged with crime has the right to be informed of the accusation and to confront the accusers and witnesses with other testimony . . . ." The sixth amendment to the Constitution of the United States gives an accused the same protection. *Pointer v. Texas*, 380 U.S. 400, 13 L. Ed. 2d 923 (1965). This protection guarantees an accused the right to be present in person at every stage of his trial. *State v. Moore*, 275 N.C. 198, 208, 166 S.E.2d 652, 659 (1969).

*State v. Payne*, 320 N.C. 138, 139, 357 S.E.2d 612, 613 (1987). Similarly, as we have often stated:

> "The confrontation clause of the Constitution of North Carolina guarantees the right of this defendant to be present at *every* stage of the trial. *State v. Huff*, 325 N.C. 1, 29, 381 S.E.2d 635, 651 (1989)[, *sentence vacated on other grounds*, 497 U.S. 1021, 111 L. Ed. 2d 777 (1990)]; N.C. Const. Art. I, § 23 (1984). This state constitutional protection afforded to the defendant imposes on the trial court the affirmative duty to insure the defendant's presence at every stage of a capital trial. The defendant's right to be present at every stage of the trial 'ought to be kept forever sacred and inviolate.' *State v. Blackwelder*, 61 N.C. 38, 40 (1866)[, *overruled on other grounds by State v. Huff*, 325 N.C. 1, 381 S.E.2d 635]. In fact, the defendant's right to be present at every stage of his capital trial is not waivable. *State v. Artis*, 325 N.C. 278, 297, 384 S.E.2d 470, 480 (1989)[, *sentence vacated on other grounds*, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990)]; *State v. Huff*, 325 N.C. at 31, 381 S.E.2d at 652."

*State v. Moss*, 332 N.C. 65, 73-74, 418 S.E.2d 213, 218 (1992) (quoting *State v. Smith*, 326 N.C. 792, 794, 392 S.E.2d 362, 363 (1990)).

The transcript shows that the following exchange occurred during defendant's trial:

> THE COURT: All right. Members of the jury, we're going to take our lunch break now—well, let me confer with the lawyers a minute.
>
> Sheriff, take the jury back in the jury room.
>
> (The jury is absent.)
>
> THE WITNESS: Can I be excused, Judge?
>
> THE COURT: Wait just a moment.
>
> (A discussion off the record in chambers with the Court and all four counsel. The defendant was not present.)
>
> THE COURT: All right. Let's—I think you're excused, Dr. Brown.

An in-chambers conference is a "critical stage" of a defendant's capital trial at which he has a constitutional right to be present. *See State v. Buchanan*, 330 N.C. 202, 221, 410 S.E.2d 832, 843 (1991). In

*State v. Brogden*, 329 N.C. 534, 407 S.E.2d 158 (1991), this Court concluded that it was error for the trial court to conduct an in-chambers conference with the attorneys but without the defendant. *Id.* at 541, 407 S.E.2d at 163. Thus, in the instant case, the trial court erred in conducting the in-chambers conference with the attorneys, out of the hearing of the defendant.

> However, error caused by the absence of the defendant at some portion of his capital trial does not require automatic reversal. This Court has adopted the "harmless error" analysis in cases where a defendant is absent during a portion of his capital trial. *State v. Huff*, 325 N.C. 1, 381 S.E.2d 635. The State has the burden of establishing that the error was harmless beyond a reasonable doubt. *Id.*; *State v. Payne*, 328 N.C. 377, 402 S.E.2d 582 [(1991)].

*Brogden*, 329 N.C. at 541, 407 S.E.2d at 163. " 'Unless the State proves that the denial of the defendant's right, under article I, section 23 of the Constitution of North Carolina, to be present at this stage of his capital trial was harmless beyond a reasonable doubt, we must order a new trial.' " *Moss*, 332 N.C. at 74, 418 S.E.2d at 218 (quoting *Smith*, 326 N.C. at 794, 392 S.E.2d at 363).

In *State v. Wise*, 326 N.C. 421, 390 S.E.2d 142, *cert. denied*, 498 U.S. 853, 112 L. Ed. 2d 113 (1990), this Court, under similar circumstances, found harmless error where a charge conference was held out of the presence of the defendant and was not recorded, but where defendant was represented by counsel at the conference and the trial court subsequently reported the proposed instructions on the record and gave counsel an opportunity to be heard. Likewise, in *Brogden*, this Court held that the error in conducting an informal meeting in chambers to discuss jury instructions, outside the presence of defendant, prior to the formal charge conference held in open court, was harmless beyond a reasonable doubt based upon the court's subsequent actions in open court. *Brogden*, 329 N.C. at 542, 407 S.E.2d at 163.

In this case, however, we are left uninformed as to the substance of the in-chambers discussion held with the attorneys in defendant's absence and are consequently unable to determine whether the error committed is harmless beyond a reasonable doubt. "Notwithstanding an accused's right to be present, certain violations of this right may be harmless if such appears from the record." *Buchanan*, 330 N.C. at 222, 410 S.E.2d at 844. Thus, because the in-chambers conference was not recorded and the nature and content of the private discussion

cannot be gleaned from the record, the State failed to meet its burden of showing the error was harmless beyond a reasonable doubt, and we are, therefore, required to order a new trial. *Moss*, 332 N.C. at 74, 418 S.E.2d at 219.

We have often held that under similar circumstances where the defendant has a constitutional right to be present at a critical stage of his trial and the trial court conducts private conferences or discussions in the defendant's absence, but the substance of the private discussions is not revealed in the record, a new trial is required. *State v. Johnston*, 331 N.C. 680, 417 S.E.2d 228 (1992); *State v. Cole*, 331 N.C. 272, 415 S.E.2d 716 (1992); *State v. McCarver*, 329 N.C. 259, 404 S.E.2d 821 (1991); *Smith*, 326 N.C. 792, 392 S.E.2d 362. As a result and for the foregoing reasons, defendant in this case must also receive a new trial.

NEW TRIAL.