STATE OF NORTH CAROLINA v. JEFFREY KARL MEYER

No. 379A95

(Filed 7 March 1997)

**Constitutional Law § 342 (NCI4th)— capital sentencing—jury
selection—in-chambers conference without defendant—
prejudicial error**

The trial court violated defendant's nonwaivable right to be
present at all stages of his capital trial by conducting an in-
chambers conference with the attorneys present but without
defendant during jury selection in this capital sentencing pro-
ceeding. Furthermore, the State has failed to meet its burden of
showing that the error was harmless beyond a reasonable doubt
where the conference was not recorded, the substance of the
conference was not summarized on the record in open court, and
the nature and contents of the discussion cannot otherwise be
gleaned from the record.

**Am Jur 2d, Criminal Law § 913.**

**Validity of jury selection as affected by accused's
absence from conducting of procedures for selection and
impaneling of final jury panel for specific cases. 33 ALR4th
429.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from judg-
ments imposing two sentences of death entered by Smith (Donald L.),
J., at the 21 August 1995 Mixed Session of Superior Court,
Cumberland County, upon a jury verdict of guilty of two counts of
first-degree murder. Heard in the Supreme Court 11 February 1997.

*Michael F. Easley, Attorney General, by William N. Farrell, Jr.,
Senior Deputy Attorney General, and Ellen B. Scouten, Special
Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples
Hughes, Assistant Appellate Defender, for defendant-appellant.*

ORR, Justice.

On 16 May 1988, defendant pled guilty to two counts of first-
degree murder. On 3 June 1988, a jury was impaneled in Superior
Court, Cumberland County, for a capital sentencing proceeding pur-

suant to N.C.G.S. § 15A-2000. During the presentation of defendant's evidence in this sentencing proceeding, defendant escaped from the Cumberland County Jail. On 14 June 1988, upon motion by defendant's counsel, the trial court declared a mistrial. Defendant was apprehended on 19 June 1988. Following several motions by defendant, the sentencing proceeding was moved to New Hanover County.

On 16 November 1988, upon recommendation of the jury, the trial court imposed two sentences of death. Defendant appealed those sentences of death pursuant to N.C.G.S. § 7A-27(a). On defendant's first appeal, this Court concluded defendant was entitled to a new capital sentencing proceeding under *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). *State v. Meyer*, 330 N.C. 738, 412 S.E.2d 339 (1992).

Defendant's second capital sentencing proceeding was heard at the 21 August 1995 Mixed Session of Superior Court, Cumberland County. On 31 August 1995, upon recommendation of the jury, defendant was once again sentenced to death for both of the first-degree murder convictions.

Except as necessary for an understanding of the issues, we will not repeat the evidence inasmuch as it is adequately summarized in our prior opinion on the first appeal.

Defendant brings forth several issues for review, but we need focus only on defendant's contention that the trial court violated his constitutional right to be present at all stages of his capital trial. Defendant contends that twice during his capital sentencing proceeding, the trial court failed to ensure defendant's presence as required by the North Carolina Constitution. However, we address specifically only the unrecorded in-chambers conference that took place with the attorneys in defendant's absence.

The defendant in a capital trial must be present at every stage of the proceeding. N.C. Const. art. I, § 23. This constitutional mandate serves to safeguard both the defendant's and society's interests in reliability in the imposition of capital punishment. *State v. Huff*, 325 N.C. 1, 30, 381 S.E.2d 635, 651 (1989), *sentence vacated on other grounds*, 497 U.S. 1021, 111 L. Ed. 2d 777 (1990). As this Court has previously stated:

"The confrontation clause of the Constitution of North Carolina guarantees the right of this defendant to be present at *every* stage of the trial. *State v. Huff*, 325 N.C. 1, 29, 381 S.E.2d 635, 651

(1989); N.C. Const. Art. I, § 23 (1984). This state constitutional protection afforded to the defendant imposes on the trial court the affirmative duty to insure the defendant's presence at every stage of a capital trial. The defendant's right to be present at every stage of the trial 'ought to be kept forever sacred and inviolate.' *State v. Blackwelder*, 61 N.C. 38, 40 (1866)[, *overruled on other grounds by State v. Huff*, 325 N.C. 1, 381 S.E.2d 635]. In fact, the defendant's right to be present at every stage of his capital trial is not waivable. *State v. Artis*, 325 N.C. 278, 297, 384 S.E.2d 470, 480 (1989)[, *sentence vacated on other grounds*, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990)]; *State v. Huff*, 325 N.C. at 31, 381 S.E.2d at 652."

*State v. Moss*, 332 N.C. 65, 73-74, 418 S.E.2d 213, 218 (1992) (quoting *State v. Smith*, 326 N.C. 792, 794, 392 S.E.2d 362, 363 (1990)).

In the present case, on the second day of jury selection, the trial court addressed the first group of seated jurors and gave them general instructions. At the end of this exchange with the jurors, the transcript reflects that the following occurred:

JUROR #2: We need to give you our name and numbers on the side over here?

CLERK: Go to the jury room. I'm going to go to the jury room to get their names and numbers.

COURT: All right. And you can go ahead and send the other jurors —

CLERK: —to break.

COURT: That's right, because I need you to pull them. Let me see counsel in chambers.

(Counsel left the courtroom with the Judge and subsequently returned. Defendant remained in the courtroom.)

COURT: All right. Have the others—let me have the jurors—the other jurors now.

There is no record of what occurred in-chambers between the judge and the attorneys.

This Court has previously held that an in-chambers conference is a "critical stage" of a defendant's capital trial at which he has a constitutional right to be present. *See State v. Buchanan*, 330 N.C. 202,

221, 410 S.E.2d 832, 843 (1991). "Notwithstanding an accused's right to be present, certain violations of this right may be harmless if such appears from the record." *Id.* at 222, 410 S.E.2d at 844. In *State v. Brogden*, 329 N.C. 534, 541-42, 407 S.E.2d 158, 163 (1991), this Court concluded that it was error for the trial court to conduct an in-chambers conference with the attorneys but without defendant.

Based upon the precedent set in *Brogden*, 329 N.C. 534, 407 S.E.2d 158, this Court in *State v. Exum*, 343 N.C. 291, 470 S.E.2d 333 (1996), held that the trial court had violated defendant's nonwaivable right to be present at all stages of his capital trial by conducting an unrecorded in-chambers conference during the trial with the attorneys present but out of the hearing of defendant. In *Exum*, the following exchange occurred immediately after the examination of a defense witness:

THE COURT: All right. Members of the jury, we're going to take our lunch break now—well, let me confer with the lawyers a minute.

Sheriff, take the jury back in the jury room.

(The jury is absent.)

THE WITNESS: Can I be excused, Judge?

THE COURT: Wait just a moment.

(A discussion off the record in chambers with the Court and all four counsel. The defendant was not present.)

THE COURT: All right. Let's—I think you're excused, Dr. Brown.

*Id.* at 294, 470 S.E.2d at 335. After noting that the in-chambers conference was a part of the trial from which defendant was excluded, this Court held that

because the in-chambers conference was not recorded and the nature and content of the private discussion cannot be gleaned from the record, the State failed to meet its burden of showing the error was harmless beyond a reasonable doubt, and we are, therefore, required to order a new trial.

*Id.* at 295-96, 470 S.E.2d at 335.

Similarly, in the present case, an in-chambers conference occurred between the trial judge and counsel without defendant

STATE v. MEYER

[345 N.C. 619 (1997)]

being present. Here, the conference took place during jury selection rather than during the presentation of evidence. However, this distinction is irrelevant. As we have already noted, the selection of the jury is a "critical stage" of the trial. Accordingly, defendant's constitutional right to be present at every stage of his capital trial was violated. Once a violation of the right to be present is apparent, the burden shifts to the State to show that it is harmless beyond a reasonable doubt. *Huff*, 325 N.C. at 32-35, 381 S.E.2d at 653-55.

In the present case, as in *Exum*, the in-chambers conference was unrecorded. We have previously held that under similar circumstances where defendant has a constitutional right to be present at a critical stage of his trial and the trial court conducts private conferences or discussions in the defendant's absence, but the substance of the private discussions is not revealed in the record, a new trial is required. *State v. Johnston*, 331 N.C. 680, 417 S.E.2d 228 (1992); *State v. Cole*, 331 N.C. 272, 415 S.E.2d 716 (1992); *State v. McCarver*, 329 N.C. 259, 404 S.E.2d 821 (1991); *State v. Smith*, 326 N.C. 792, 392 S.E.2d 362 (1990).

Here, because the in-chambers discussion is not included in the record, we do not know the substance of the in-chambers conference held with the attorneys in defendant's absence. Consequently, we are unable to determine whether the error committed is harmless beyond a reasonable doubt. Because the in-chambers conference was not recorded, and the substance of the conference was not summarized on the record in open court, and the nature and content of the discussion cannot otherwise be gleaned from the record, the State has failed to meet its burden of showing the error was harmless beyond a reasonable doubt. Accordingly, we are required to order a new sentencing proceeding.

For the foregoing reasons, we vacate the sentences of death and remand this case to Superior Court, Cumberland County, for a new capital sentencing proceeding.

DEATH SENTENCES VACATED; REMANDED FOR NEW CAPITAL SENTENCING PROCEEDING.